## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| DEBRA BODDEN, | ) | CASE NO. _____ |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| PFIZER INC., BOEHRINGER INGELHEIM | ) | |
| PHARMACEUTICALS, INC., SANOFI, | ) | |
| CHATTEM, INC., SANOFI-AVENTIS U.S. LLC, | ) | |
| SANOFI US SERVICES INC., | ) | |
| GLAXOSMITHKLINE, PLC, AND | ) | |
| GLAXOSMITHKLINE, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

### DEFENDANTS' NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendants Pfizer Inc. ("Pfizer"), Boehringer Ingelheim Pharmaceuticals, Inc. ("BI"), Chattem, Inc. ("Chattem"), Sanofi-Aventis U.S. LLC ("Sanofi-Aventis"), Sanofi US Services Inc. ("Sanofi US"), and Glaxosmithkline, LLC ("GSK") (collectively, "Removing Defendants") hereby give notice of removal of this action, *Bodden v. Pfizer, Inc.*, *et al*., Case No. 808096, from the 24th Judicial District Court for the Parish of Jefferson to the United States District Court for the Eastern District of Louisiana.  As grounds for removal, Removing Defendants state as follows:

### INTRODUCTION

1.     This action is one of many related lawsuits filed against manufacturers and distributors of Zantac (ranitidine) relating to cancers allegedly caused by the drug.  On February 6, 2020, the Judicial Panel on Multidistrict Litigation ("JPML") created a Multidistrict Litigation ("MDL") in the Southern District of Florida for pretrial coordination of cases like this one—*i.e.*, cases "in which plaintiffs allege that they developed cancer as a result of NDMA formed from Zantac."  *In re Zantac (Ranitidine) Prods. Liab. Litig.*, 2020 WL 582134, at *2 (J.P.M.L. 2020).

The JPML found that centralizing these cases for pretrial purposes "will eliminate duplicative discovery; prevent inconsistent rulings . . . and conserve the resources of the parties, their counsel, and the judiciary." *Id.* To date, well over 300 actions have been transferred to the Zantac MDL, with more (including this action) surely to follow.

2.        None of the national pharmaceutical manufacturers named in these ranitidine-related cases is a citizen of Louisiana.

3.        Thus, the basis for removal here is materially identical to the basis for federal jurisdiction over dozens of substantially similar ranitidine-related cases previously transferred to the MDL: there is complete diversity of citizenship between Plaintiff and Defendants.

4.        As of the date of this removal, no Defendant has been served with the Citation or Petition.

## BACKGROUND

5.        On July 8, 2020, Plaintiff Debra Bodden filed her Petition for Damages in the 24th Judicial District Court for the Parish of Jefferson, Louisiana, against eight entities that Plaintiff alleges are current and former manufacturers of Zantac. The thrust of this Petition—like others in the MDL—is that Plaintiff ingested Zantac and, as a direct and proximate result, developed cancer—in this case, pancreatic cancer. Pet. ¶¶ 2, 27.a. A copy of the Petition is attached as Exhibit 1. Specifically, Plaintiff alleges that Defendants "engaged in the business of testing, developing, designing, manufacturing, marketing, selling, distributing, and promoting Zantac products, which are defective and unreasonably dangerous to consumers[.]" *Id.* ¶ 38.

6.        As Plaintiff acknowledges, none of the named Defendants is a citizen of Louisiana. *Id.* ¶ 1.a.-h.

7.      Although the Petition does not delineate separate causes of action, Plaintiff appears to assert common law negligent failure to warn, negligent product design, negligent manufacturing, general negligence, negligent misrepresentation, fraudulent concealment, and breach of express and implied warranties claims. *Id.* ¶¶ 24-61.

8.      Pursuant to 28 U.S.C. § 1446(a), copies of the state court docket sheet, all process, pleadings, orders, and other documents on file with the 24th Judicial District Court for the Parish of Jefferson are attached hereto as Exhibit 2.

## VENUE AND JURISDICTION

9.      Venue is proper in this Court pursuant to 28 U.S.C. §§ 98, 1391, 1441(a), and 1446(a) because the District Court for the Parish of Jefferson, where the Petition was filed, is a state court within the Eastern District of Louisiana.

10.     This Court has subject matter jurisdiction under 28 U.S.C. § 1332(a) because (1) there is complete diversity between Plaintiff and Defendants; (2) the amount in controversy exceeds $75,000, exclusive of interests and costs; and (3) all other requirements for removal have been satisfied.

## BASIS OF REMOVAL

**I.      There Is Complete Diversity of Citizenship Between Plaintiff and All Defendants.**

11.     There is complete diversity of citizenship here because Plaintiff is a Louisiana citizen, and all Defendants are citizens of states other than Louisiana.

12.     Plaintiff alleges that she is a Louisiana resident.  Pet. at 1 (prefatory paragraph). Therefore, upon information and belief, Plaintiff is a Louisiana citizen.  *See Stine v. Moore*, 213 F.2d 446, 448 (5th Cir. 1954) (holding that "citizenship has the same meaning as domicile" and that "the place of residence is prima facie the domicile").

13.     For purposes of diversity jurisdiction, a corporation is "a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1).  A limited liability company is a citizen of every state in which its members are citizens. *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008).

14.     Defendant Pfizer Inc. is a corporation organized under the laws of Delaware with its principal place of business in New York, New York.  Pet. ¶ 1.a.  Pfizer Inc. is, therefore, a citizen of Delaware and New York.

15.     Defendant Boehringer Ingelheim Pharmaceuticals, Inc. is a corporation organized under the laws of Delaware with its principal place of business in Ridgefield, Connecticut.  *Id.* ¶ 1.b.  Boehringer Ingelheim Pharmaceuticals, Inc. is, therefore, a citizen of Delaware and Connecticut.

16.     Defendant Sanofi is a corporation organized under the laws of France with its principal place of business in Paris, France.  Sanofi is, therefore, a citizen of France.  *Id.* ¶ 1.c.

17.     Defendant Chattem, Inc. is a corporation organized under the laws of Tennessee with its principal place of business in Chattanooga, Tennessee.  *Id.* ¶ 1.d.  Chattem, Inc. is, therefore, a citizen of Tennessee.

18.     Defendant Sanofi US Services Inc. is a corporation organized under the laws of Delaware with its principal place of business in Bridgewater, New Jersey.  *Id.* ¶ 1.e.  Sanofi US Services Inc. is, therefore, a citizen of Delaware and New Jersey.

19.     Defendant Sanofi-Aventis U.S. LLC is a limited liability company organized under the laws of Delaware with its principal place of business in Bridgewater, New Jersey.  *Id.* ¶ 1.f. The sole member of Sanofi-Aventis U.S. LLC is Sanofi US Services Inc., a Delaware corporation

with its principal place of business in New Jersey.  Defendant Sanofi-Aventis U.S. LLC is, therefore, a citizen of Delaware and New Jersey.

20.     Defendant GlaxoSmithKline plc is a United Kingdom company with its principal place of business in Brentford, United Kingdom.  *Id*. ¶ 1.g.  Defendant GlaxoSmithKline plc is, therefore, a citizen of the United Kingdom.

21.     Defendant GlaxoSmithKline LLC is a limited liability company.  *Id.* ¶ 1.h.  The sole member of GSK LLC is GlaxoSmithKline Holdings (America) Inc., a corporation organized under the laws of Delaware with its principal place of business in Wilmington, Delaware.  At the time this action was commenced, GSK LLC was therefore solely a citizen of Delaware.

22.     Because Plaintiff is a citizen of Louisiana, and all Defendants are citizens of foreign countries or states other than Louisiana, complete diversity of citizenship exists between Plaintiff and Defendants.  *See* 28 U.S.C. §§ 1332(a).

## II.     The Amount in Controversy Exceeds $75,000.

23.     Plaintiffs' claims also satisfy the amount-in-controversy requirement set forth in 28 U.S.C. § 1332(a).

24.     "[A] defendant's notice of removal need only include a plausible allegation that the amount in controversy exceeds the jurisdictional threshold."  *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014).

25.     Where the complaint/petition does not establish a specific amount in controversy, it may be "'facially apparent' that the claims probably exceed $75,000."  *Felton v. Greyhound Lines*, Inc., 324 F.3d 771, 773 (5th Cir. 2003) (applying preponderance of the evidence standard). In *Felton*, the plaintiff sued the defendant for its purported negligence that caused her to fall and suffer "severe debilitating injuries," which required hip surgery and confinement to a rehabilitation

hospital. *Id.* at 774. While plaintiff alleged that her medical expenses were approximately $40,000, the Court nonetheless concluded that it was more likely than not that the jurisdictional minimum was satisfied because any relief would automatically include damages for pain and suffering. *Id.* For similar reasons, that is also the case here.

26.  Plaintiff alleges that she has suffered "serious injuries[,]" including "mental anguish, emotional upset and distress, [and] loss of enjoyment of life." Pet. ¶¶ 28, 42, 61. Ms. Bodden further alleges that she has "been exposed to numerous health risks" and "suffered, and continues to suffer, medical injury as a result of Defendants' actions." *Id.* ¶¶ 25, 26. Accordingly, she seeks damages for, among other things, "[p]ast, present and future medicine, drugs, hospitalization, medical care, attendant and support care, loss [sic] wages, loss of wage earning capacity, pain and suffering, residual disabilities, mental anguish, emotional upset and distress, loss of enjoyment of life, loss of personal services, attendant care and other psychological sequelae." *Id.* ¶ 28.

27.  Plaintiff further alleges that she "was treated for pancreatic cancer, including hospitalization and surgery in 2017, and must now undergo persistent medical monitoring for her entire life." *Id.* ¶ 2. It is thus clear that the alleged amount in controversy exceeds $75,000, exclusive of interest and costs.

28.  Courts have found that allegations of serious injury in product liability actions, including allegations of cancer like those Plaintiff makes here, support an inference that the amount-in-controversy requirement has been met. *See Robertson v. Exxon Mobil Corp.*, 814 F.3d 236, 241 (5th Cir. 2015) (holding that serious medical injuries alleged, including cancer, supported deduction that amount-in-controversy requirement was met, and reversing district court's rationale for remanding case); *Caire v. Murphy Oil USA, Inc.*, 2013 WL 5350615, at *2 (E.D. La. Sept. 23,

2013) (the "severity" of a cancer diagnosis falls within the "spectrum of damages defined by the Fifth Circuit" to meet the minimum for diversity jurisdiction).  Indeed, in another Zantac-related case in which a state-court plaintiff similarly claimed cancer as an injury, a federal court in the District of Nevada recently denied a motion to remand where the amount in controversy was not alleged, finding that the requirement was satisfied on the face of the complaint by the nature of the injury.  *See Brooks v. Sanofi S.A.*, 2020 WL 1847682 (D. Nev. Apr. 13, 2020); *see also, e.g.*, *Gonzalez v. Eagle Parts & Prod.*, 2007 WL 675108, at *4-5 (D. Neb. Mar. 5, 2007) (denying motion to remand when plaintiff alleged medical expenses, future medical expenses, around-the-clock home health care expenses, and amounts for disability and pain and suffering); *Jones v. Canyon Creek Apartments, LLC*, 2018 WL 5410968, at *2 (W.D. Mo. Oct. 29, 2018) (denying motion to remand when plaintiffs alleged serious and substantial medical expenses in the present and future, and damages for pain, emotional distress, loss of capacity to provide assistance to their households, lost opportunities, and loss of enjoyment of life); *Gates v. 84 Lumber Co.*, 2015 WL 2345427, at *1 (S.D. Ala. May 14, 2015) (inferring that amount-in-controversy requirement was met when alleged injury included cancer).  *Brooks*, which originated in state court, has since then been transferred to the Zantac MDL.  *See In re Zantac (Ranitidine) Prods. Liab. Litig.*, MDL No. 2924, Dkt. 808.

29.     Jury awards in cases involving similar allegations and requested damages further confirm that the amount in controversy meets the jurisdictional threshold.  For example, in a federal case in Louisiana, the jury found that a prescription medication caused the plaintiff's bladder cancer and awarded him more than $1 million in compensatory damages for pain and suffering and medical costs.  Jury Verdict, *Allen v. Takeda Pharma. Int'l, Inc.*, 2014 WL 1394617 (Apr. 7, 2014 W.D. La.).  In another federal case, a jury awarded $225,000 in compensatory

damages to a plaintiff on her claim that a pharmaceutical company negligently failed to warn consumers that its product could cause a severe jawbone disease.  *Baldwin v. Novartis Pharm. Corp.*, 2012 WL 1356336 (W.D. Mo. April 6, 2012).

30.     Finally, in the hundreds of personal injury cases pending in the Zantac MDL, each plaintiff either expressly claims damages in excess of $75,000 or has impliedly done so by filing a lawsuit in federal court and invoking federal diversity jurisdiction.  Over 20 plaintiffs in these cases allege that they have been diagnosed with pancreatic cancer, the same type of cancer that Ms. Bodden here claims.  *See, e.g.*, *Fioribello v. Sanofi-Aventis U.S. LLC, et al.*, 9:20-cv-80843 (S.D. Fla.); *Bird v. Boehringer Ingelheim Pharmaceuticals, Inc., et al.*, 9:20-cv-80837 (S.D. Fla.). Like those cases, this case meets the requirements for federal diversity jurisdiction.

### III.    All Other Removal Requirements Are Satisfied.

31.     The Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b), as the Removing Defendants have received a copy of, but have not yet been served with, the Petition.

32.     Removal pursuant to 28 U.S.C. § 1441(a) requires that "all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A).  All of the Removing Defendants join in and consent to this removal.

33.     The Removing Defendants are providing Plaintiff with written notice of the filing of this Notice of Removal, as required by 28 U.S.C. § 1446(d).

34.     Pursuant to 28 U.S.C. § 1446(d), the Removing Defendants are filing a copy of this Notice of Removal with the Clerk of the 24th Judicial District Court for the Parish of Jefferson.

35.     By filing this Notice of Removal, Removing Defendants do not waive any defense that may be available to them and reserve all such defenses, including but not limited to those related to service of process and lack of personal jurisdiction.  If any question arises regarding the

propriety of the removal to this Court, Removing Defendants request the opportunity to present a brief oral argument in support of their position that this case has been properly removed.

## CONCLUSION

WHEREFORE, Removing Defendants give notice that the matter bearing Case No. 808096 pending in the 24th Judicial District Court for the Parish of Jefferson, is removed to the United States District Court for the Eastern District of Louisiana, and request that this Court retain jurisdiction for all further proceedings in this matter.

Dated this 24th day of July, 2020.

/s/ *J. Robert Sheppard, III*
J. Robert Sheppard, III
LA Bar # 36337
KING & SPALDING LLP
1100 Louisiana
Suite 4100
Houston, TX 77002
Telephone: (713) 751-3200
Facsimile: (713) 751-3290
Email:  rsheppard@kslaw.com

*Attorney for Defendant Boehringer Ingelheim Pharmaceuticals, Inc.*

/s/ *Mark S. Cheffo*
Mark S. Cheffo (*pro hac vice* forthcoming)
Dechert LLP
1095 Avenue of the Americas
New York, NY 10036
Telephone: (212) 698-3500
Facsimile: (212) 698-3599
Email:  mark.cheffo@dechert.com

Will W. Sachse (*pro hac vice* forthcoming)
Dechert LLP
Cira Centre, 2929 Arch Street
Philadelphia, PA  19104

Telephone: (215) 994-4000
Facsimile: (215) 994-2222
Email: will.sachse@dechert.com

*Attorneys for Defendant
GlaxoSmithKline LLC*

/s/ *Joseph G. Petrosinelli*
Joseph G. Petrosinelli (*pro hac vice*
forthcoming)
WILLIAMS & CONNOLLY LLP
725 12th Street NW
Washington, DC 20005
Telephone: (202) 434-5000
Facsimile: (202) 434-5029
Email: jpetrosinelli@wc.com

*Attorney for Defendant Pfizer Inc.*

/s/*Anand Agneshwar*
Anand Agneshwar (*pro hac vice*
forthcoming)
ARNOLD & PORTER
KAYE SCHOLER LLP
250 West 55th Street
New York, NY 10019
Tel: (212) 836-8000
Fax: (212) 836-8689
anand.agneshwar@arnoldporter.com

*Attorney for Defendants Chattem, Inc.,
Sanofi-Aventis US LLC and Sanofi US
Services Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on July 24, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following counsel of record:

> Patrick G. Kehoe, Jr.
> 3524 Canal Street
> New Orleans, LA 70119

Furthermore, I caused the remaining parties to be served through UPS International Shipping, as indicated below:

> GlaxoSmithKline, plc
> 980 Great West Road
> Brentford, Middlesex
> TW8 9GS
> United Kingdom

> Sanofi S.A.
> 54 Rue la Boetie
> 75008 Paris, France

/s/ *Robert Sheppard, III*
